Irving L. Levey, J.
Defendant moves to dismiss pursuant to CPLR 3211 (subd. [a], pars. 3 and 7) on the grounds that the plaintiff does not have the legal capacity to sue and the complaint fails to state a cause of action.
The plaintiff, a nonprofit tax-exempt organization formed to promote the display of and respect for the United States flag, sues the defendant, the operator of an art gallery to recover damages under subdivision 16 of section 1425 of the New York Penal Law.
In substance, it is alleged that since December 13, 1966 the defendant has exhibited 13 three-dimensional objects, called “ constructions ”, which are made partly of the United States flag or portions thereof and partly of other objects including a gas mask, Russian flags, a Nazi swastika and a Viet Cong flag.
Two of the “ constructions ” on display, are the subject matter of the suit for damages. One, six feet high, consists of a stuffed United States flag shaped in the form of a dead human body being hanged by the neck. The other, about seven feet high, is in the form of a cross made by stuffed church flags, with the United States flag rolled and utilized to depict an erect human penis with pubic hair on the vertical bar of the cross.
There is no doubt that the facts alleged constitute a cause of action pursuant to the provisions of subdivision 16 of section 1425 of the Penal Law.
Defendant has completely failed to establish to this court’s satisfaction that the afore-mentioned section is unconstitutional in that (1) it denies freedom of speech, (2) is vague, (3) violates the equal protection clause, or (4) places the defendant in double jeopardy.
Suffice it to say that the statute deals with the flag itself, a symbol of our free and independent country. The statute in no way curtails political dissent or prohibits communication of ideas. The desecration of our flag cannot be utilized as a sym *599 bolic act to publish or exhibit disagreement with or opposition to the policies of our Government.
To permit such desecration under the guise of freedom of speech would certainly weaken, if not destroy, one of our most cherished symbols. The motion is in all respects denied.