Frederick L. Strong, J.
The defendant, an art dealer, publicly exhibited for sale at his gallery from December 13, 1966 to January 17, 1967 13 three-dimensional objects called “constructions.” One of these objects (People’s Exhibit 2) was in the display window and consisted of an American flag stuffed and shaped in a form suggesting a human body hanging from a yellow noose around its neck. Among the 12 other “ constructions ” inside the gallery was one (People’s Exhibits 3 and- 4) in the form of a large cross with a bishop’s mitre on the headpiece, the arms wrapped in ecclesiastical flags and an erect penis wrapped in an American flag protruding from the vertical standard. Other “ constructions,” all making use of the flag stuffed in various shapes, are described in the complaint herein and portrayed in the photographic exhibits.
This prosecution is brought under paragraphs d and f of subdivision 16 of section 1425 of the Penal Law of the State of New York, originally enacted in 1903, which provide as follows:
“16. Any person, who * * #
“ d. Shall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt upon either by words or act, or * * *
“ f. Shall publicly carry or display any emblem, placard or flag which casts contempt, either by word or act, upon the flag of the United States of America, * * *
Shall be deemed guilty of a misdemeanor * * *
‘ ‘ The' words flag, standard, color, shield or ensign, as used in this subdivision or section, shall include any flag, standard, color, shield or ensign, or any picture or representation, of either thereof, made of any substance, or represented on any substance, and of any size, evidently purporting to be, either of, said flag, standard, color, shield or ensign, of the United States of America, or of the state of New York, or a picture or a representation of *719 either thereof, upon which shall be shown the colors, the stars, and the stripes, in any number of either thereof, or by which the person seeing the same, without deliberation may believe the same to represent the flag, colors, standard, shield or ensign of the United States of America, or of the state of New York.
“ This subdivision shall not apply to any act expressly permitted by the statutes of the United States of America, or by the United States army and navy regulations, nor shall it be construed to apply to a certificate, diploma, warrant, or commission of appointment to office, ornamental picture, article of jewelry, stationery for use in private correspondence, or newspaper or periodical, on any of which shall be printed, painted or placed, said flag, standard, color, shield or ensign disconnected and apart from any advertisement. ’ ’
The defendant moves after trial to dismiss the complaint on the ground that the facts as established do not constitute a violation of the statute and further that, in any case, the statute is unconstitutional for denial to the defendant of free speech, equal protection of the laws, and, because of vagueness, due process of law. Factually, the defendant contends that the 1 ‘ constructions ’ ’ are a form of sculpture of a kind known as ‘1 protest art ” and that no contempt for the flag was intended either by the artist or by himself. With particular reference to the cross-form, he claims that it expresses opposition by the artist to what he considers church-condoned American aggressive warfare in Vietnam as symbolized by the flag-wrapped phallus.
We hold that these so-called “ constructions ” constitute a contemptuous use of the flag of the United States and that the defendant by exhibiting them to the public cast contempt upon it in violation of paragraph d of the statute under which this proceeding was instituted. It will not do for the defendant to say that paragraph d by itself does not contain an object. Subdivision 16 must be read as a whole, and it is clear that the intended object is contained in the next paragraph, lettered “ e,” in the words “ any such flag, standard, color, shield or ensign ”. We do not find paragraph f to be applicable to the facts presented here.
We further hold that these so-called “ constructions ” are not within the protection of the exclusionary paragraph of the statute. “ Sculpture,” if such these objects be, is not expressly exempted, and we see no valid basis for construing an implied exemption for it on the ground urged by the defendant that, “ pictures ” being expressly excepted, the omission of “ sculpture ” was a legislative inadvertence. In any case, it is important to note that only pictures termed “ ornamental ” are *720 exempted, and we are not prepared to find that the subjects of this prosecution are “ ornamental ” even by contemporary community standards. It seems clear to us that the legislative intent was to protect from prosecution the printed, painted, or affixed use of the American flag solely for ornamental, as distinguished from advertising, purposes. There is nothing in the statutory language to indicate that the Legislature was concerned with the application of the First Amendment. As to these “ constructions,” it is, therefore, in our opinion of no consequence whether or not the word “ pictures ” in the exclusionary paragraph be deemed to embrace sculptures.
Obviously this case raises constitutional questions of fundamental importance. As a trial court, we must especially recognize the presumption supporting the validity of duly enacted legislation. The People having no right of appeal from an acquittal, we should not strike down this statute in the absence of a clear and overwhelming showing that it violates one or another of the guarantees set forth in the Bill of Rights. We fail to find such a decisive showing of unconstitutionality.
We do not find the statute here to constitute class legislation clearly in violation of the equal protection clause of the Fourteenth Amendment. As we have pointed out above, the section does not discriminate between pictures generally and sculpture generally. Only “ornamental” pictures are excepted. The Legislature did not intend to say that pictures desecrating the flag would be exempted as a basis for prosecution and that similar sculpture would not be so protected. Any contemptuous use of the flag comes within the purview of the statute, whether two-dimensional or three-dimensional. We find in this statute no arbitrary discriminatory classification.
We cannot find that the freedom of speech guarantee of the First Amendment includes a license to desecrate the flag. It is inconceivable to us that the authors of the Bill of Rights could have intended that the protection of the First Amendment could or should be stretched so far. The language of the Circuit Court of Appeals in United States v. Miller (367 F. 2d 72, 79) (cert. den.), a draft card burning prosecution, is apropos. The court there said: ‘1 sincere motivation or the labeling of even non-violent conduct as symbolic does not necessarily transform that conduct into speech protected by the First Amendment.”
In the exercise of its police power, a State may restrict acts which pose an “immediate threat to public safety, peace, or order ” (Cantwell v. Connecticut, 310 U. S. 296, 308). In Halter v. Nebraska (205 U. S. 34, 41) the Supreme Court, in upholding a statute similar to that involved here as applied to the *721 use of the flag in advertising, said: ‘1 From the earliest periods in the history of the human race, banners, standards and ensigns have been adopted as symbols of the power and history of the peoples who bore them. * * * Hence, it has often occurred that insults to a flag have been the cause of war, and indignities put upon it, in the presence of those who revere it, have often been resented and sometimes punished on the spot.” It seems to us that the prohibited use of the flag in advertising is less of a desecration and therefore less of a threat to public order than the use and exhibition of it in the so-called “ constructions ” here involved.
The United States Supreme Court decisions, cited by the defendant, in West Virginia v. Barnette (319 U. S. 624), Stromberg v. California (283 U. S. 359) and Terminiello v. Chicago (337 U. S. 1) (cf. Feiner v. New York, 340 U. S. 315), arose from such different facts and statutes that we do not find them determinative of the issue here involved. In any case, we do not presume to make a final determination as to “ where the individual’s freedom ends and the State’s power begins.” The Supreme Court has said that our system places that duty upon it (Thomas v. Collins, 323 U. S. 516, 529).
In our opinion the language of the statute involved here is not so vague as to violate the due process clause of the Fourteenth Amendment. It seems to us clear enough to apprise any person of ordinary intelligence as to what it permits and what it prohibits. If he wishes to approach the brink of what is proscribed, he necessarily gambles on an adverse finding by the court. Since we find the statute to constitute ‘ ‘ malum prohibitum,” no criminal intent to violate it is prerequisite to conviction. (People v. Boxer, 24 N. Y. S. 2d 628, 632.)
Holding, as we do, that the act of the defendant in publicly exhibiting these so-called “ constructions ” cast contempt upon the flag of the United States and that no exception in the statute here involved exempted it and, further, that the statute as here applied does not clearly violate any constitutional provision, we find him guilty of the charge against him as set forth in paragraph d of subdivision 16 of section 1425 of the Penal Law of the State of Nbav York.