## Commonwealth v. Janoff

*Charles C. Brown, Jr., District Attorney,* for Commonwealth.

*Tom I. Gill, Gill, Lederer & Sharp,* and *Ambrose R. Campana, Campana & Campana,* for defendants.

CAMPBELL, P. J., August 16, 1968.—The indictment charges that defendants did unlawfully expose or cause to be exposed to public view the flag of the United States of. America upon which was printed, painted or otherwise placed, letters of the alphabet spelling out, "Make Love not War   The New American Revolutionaries".

The basis of the indictment is the flag desecration statute of this Commonwealth: 18 PS §4211. The statute as it applies to the indictment herein reads, in part, as follows:

"Whoever . . . exposes . . . to public view any . . . flag . . . upon which shall be printed, painted or other-

wise placed . . . any word . . . is guilty of a misdemeanor . . . "

Defendants waived a jury trial. This court found them guilty.

Each year, the residents of the State College area are privileged to view a parade sponsored by the Alpha Fire Company. Such was the case on July 4, 1967, when many residents lined the street to view the spectacle. Defendants, with five other young people, chose to demonstrate at an important intersection prior to the parade's passing. Several carried placards pertaining to the United States' involvement in the Vietnam war. Defendants were holding an American flag. On the second white stripe from the top was the word "Make", on the third white stripe was the word "Love", on the fourth white stripe was the word "not", on the fifth white stripe was the word "War", and on the sixth white stripe were the words "The New American Revolutionaries". Persons in close proximity became incensed. As a caution against violence, the police intervened and defendants were removed and charged with the offense in question.

When the matter came on for trial, counsel for Rochelle Janoff filed a motion to quash the indictment. We deferred ruling thereon until after the outcome of the trial. Following the guilty verdict, counsel for both defendants filed a motion in arrest of judgment. Since the reasons alleged in the motion to quash involve the same objections as the motion in arrest of judgment, we shall consider the discussions and holdings in this opinion applicable to both.

### WEIGHT OF EVIDENCE

Counsel contend that the guilty verdict was against the weight of the evidence and insufficient to sustain the verdict.

In passing upon a motion in arrest of judgment following a conviction for a crime, the sufficiency of the

evidence must be evaluated upon the entire trial record and all of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom: Commonwealth v. Tabb, 417 Pa. 13 (1965).

On behalf of defendant Janoff, it is contended that there was a mistake in identifying her as one of those who was exposing the flag to public view. We have reviewed the record and there is positive evidence that she participated in displaying the flag. The identification was made in broad daylight with adequate time for observing, and the identification testimony of the police officer making the arrest was corroborated by other witnesses. Defendant Janoff admitted her presence as one of the group and the court is satisfied that she participated in the offense alleged. Defendant Haugh admitted his participation in exposing the flag to public view.

Considering all of the evidence as it pertains to both of defendants, Commonwealth has convinced the court beyond a reasonable doubt that defendants were the individuals who exposed the flag on the date and time charged.

## VALIDITY OF STATUTE

Counsel argue that defendants should be released because no violation of a valid statute has been shown. First, it is contended that it is the intention of the statute to permit prosecution only for marking a flag for purposes of advertisement, which is not the present case. The court's answer to this position is twofold: First, that it is obvious from a reading of the statute that it covers a number of acts. It makes illegal various acts which do not pertain to advertising. As we read the statute, the exposing to public view of a defaced flag is a violation of the statute regardless of whether it pertains to the field of advertising. Secondly, we deem this argument untenable even if the act

were construed as pertaining solely to advertising. Advertisement has been defined as notice given in a manner designed to attract public attention. See Black's Law Dictionary, 1957 Ed. The very purpose of printing that which was on the flag was to attract public attention. The flag in this case was used as the media to communicate the ideas defendants had in mind to the general public. One can come to no other conclusion than that defendants used this means to advertise their ideas and attract public attention. To this extent, it was an advertisement on the flag of the United States.

### INTENTION TO DESECRATE

It is next contended that the statute is only applicable where there is a purpose or intention to defile or cast contempt upon the flag. We hold that, regardless of the intent of the parties, the fact that they displayed the flag of the United States with words placed thereon is all that is required under the act of assembly. The act is in the nature of a police regulation. We recently had occasion to discuss this problem. See Commonwealth v. Radebach, opinion dated July 17, 1968. Without repeating our argument contained therein, we hold that criminal intent or guilty knowledge need not be shown in certain statutory offenses enacted under State police power, and that whether a criminal intent or guilty knowledge is a necessary ingredient of a statutory offense is a matter of construction to be determined from the language of the statute in the light of its manifest purpose and design: Commonwealth v. Fine, 166 Pa. Superior Ct. 109 (1950); Commonwealth v. Gorodetsky, 178 Pa. Superior Ct. 467 (1955); Commonwealth v. Morakis, 208 Pa. Superior Ct. 180 (1966); Commonwealth v. Koczwara, 397 Pa. 575 (1959).

The offense of desecrating an American flag is malum prohibitum, and no criminal intent is prerequisite

to conviction: People v. Radich, 53 Misc. 2d 717, 279 N.Y.S. 2d. 680 (1967). A careful reading of the statute would indicate that motive or intention is not required as long as the prohibitive act is shown to have been committed. The gist of the offense is the exhibition of the desecrated flag, not the intention or the purpose of the one who exhibits it.

## POLITICAL DEMONSTRATION

The last phrase of the act in question provides as follows:

" . . . nor does it apply to any patriotic or political demonstrations or decorations".

Defendants contend that the involvement of the United States in the Vietnam war is a political question; that defendants were demonstrating and that, therefore, they could not be held guilty under the specific exclusion designated in the statute. We have examined a number of cases and authorities on the subject and, as a result thereof, hold that the word "political" pertains or relates to the policy of the administration of government. It pertains to, or is incidental to, the exercise of the functions vested in those charged with the conduct of government and relates to the management of governmental affairs. Considering the matter most favorably to defendants, we believe that they were conducting a protest on a political issue. If we adopted the broad position of defendants, almost every action, personal, economic or religious, could be classified as political. Any subject may become a political issue, but this does not classify it as pertaining to the art or science of the conduct of government.

We would agree that the language used in this statute is extremely unfortunate and ought to receive the immediate attention of the legislature. It is inconceivable to the court that this language pertains to the

entire statute and, if it were so construed, it would give free liberty and license to burn, spit on, deface, defile, trample upon or otherwise desecrate the flag in a political or patriotic demonstration. We cannot believe the legislature intended such a ridiculous conclusion. In any event, we cannot conclude that defendants were conducting a political demonstration.

### CONSTITUTIONALITY

A number of reasons have been advanced by counsel for defendants in an effort to convince the court that the act in question is unconstitutional.

It is contended that the act is arbitrary in that it undertakes to forbid or punish private acts which are not inherently harmful or within the police power to forbid and, therefore, in conflict with the Constitutions of the United States and of Pennsylvania. We believe the purpose of this statute is to protect the American flag from desecration, and to promote its respectful use and, equally important, to prevent breaches of the peace. These are proper legislative purposes. Many States have adopted antidesecration statutes. In the past year, the highest courts of two States have upheld their constitutionality: People v. Street, 20 N.Y. 2d 231, 229 N.E. 2d 187 (1967); Hinton v. State, 223 Ga. 174, 154 S.E. 2d 246 (1967).

The present case is a perfect example of why the statute here involved is needed to keep the peace and order of a community. Patriotic feelings often run high at events held to celebrate this country's independence. If the police had not promptly intervened, violence is likely to have erupted. We believe it altogether proper for a State to enact legislation to prohibit this kind of activity in an effort to keep the peace. As was stated in Halter v. Nebraska, 205 U.S. 34 (1907), wars have been fought over incidents involving flags.

It is next contended that the statute is constitutionally vague in that it fails to provide any reasonable or reliable standard. With this position we cannot agree. Each proscribed activity is clearly spelled out. Courts have defined the standard of definiteness. required. The Supreme Court in Roth v. United States, 354 U. S. 476 (1967), states as follows:

"This Court . . . has consistently held that lack of precision is not itself offensive to the requirements of due process . . . the Constitution does not require impossible standards; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. . .' "

We hold that the statute in plain and simple language defines the offense for which defendants were indicted in this case.

Lastly, arguments have been advanced that the statute is unconstitutional because it denies freedom of speech and expression in violation of the first and fifth amendments of the United States Constitution and also that it is a deprivation of individual liberty without due process of law in violation of the fourteenth amendment.

We would agree that nonverbal expression in the form of a communication may be protected by the first amendment of the United States Constitution, but nonviolent symbolic speech is not always protected. The scope and standards of constitutional protection for symbolic speech are set forth in United States v. Miller, 367 F. 2d 72 (C. A. 2, 1966) cert. denied. It was therein held that sincere motivation or the labeling of even nonviolent conduct as symbolic does not necessarily transform that conduct into speech protected by the first amendment. An examination of the Federal cases on the subject reveals the application of a "balancing of interests test" in lieu of the former

standard known as the "clear and present danger test". Courts look at the purpose of the statute and balance the urgency of its purpose over and against defendant's right of freedom of expression. Freedom of speech has its limitations: United States v. Grimes, 229 F. Supp. 289 (1964). In the immediate case, we believe that the individual's right to free expression of views is outweighed by the State's proper exercise of its police power to protect the peace.

We do not have involved in this case a statute which compels adherence to any belief, nor do we have a statute which prevents defendants from speaking freely and even protesting upon any issue that their conscience dictates. Defendants are not being forced to love their country or flag, or to pledge allegiance to either. At most, this statute limits the manner in which a protest or the advertisement of a belief may be accomplished and it has, we believe, a valid purpose in so doing. We affirm the statement that there is no constitutional right to do as you please: Adderley v. Florida, 385 U. S. 39 (1966); Cox v. Louisana, 379 U. S. 536 (1965). We believe there is room for freedom of speech and expression, but law and order must be respected in so doing.

We are supported in this opinion by the Supreme Court of our land and appellate courts of sister States who have held that similar statutes are constitutionally valid: Hinton v. State, 223 Ga. 174, 154 S. E. 2d 246 (1967); People v. Radich, 53 Misc. 2d 717, 279 N. Y. S. 2d 680 (1967); United States Flag Foundation, Inc. v. Radich, 53 Misc. 2d 597, 279 N. Y. S. 2d 233 (1967); Halter v. Nebraska, 205 U. S. 34 (1907); People v. Street, 20 N. Y. 2d 231, 229 N. E. 2d 187 (1967).

And now, August 16, 1968, defendant Janoff's motion to quash the indictment is refused, and defendants' motions in arrest of judgment are denied and

rules therefor discharged. Defendants are directed to appear in court for sentencing as directed by the district attorney.