George D. Ogdeh, J.
By Indictment No. 320, filed May 29, 1969, defendants were accused of a violation of subdivisions d and f of section 136 of the General Business Law of the State of New York, and a violation of section 20.00 of the Penal Law of the State of New York, in that the defendants, at the County of Monroe, New York, on or about April 25, 1969, unlawfully caused to be printed and publicly distributed a publication containing photographs which defiled and cast contempt upon the flag of the United States of America, and in that the defendants, at the same time and place, unlawfully caused to be publicly displayed an emblem and flag contained in photographs in a publication in such a manner as to cast contempt upon the flag of the United States of America.
*763 Section 136 of the General Business Law was formerly subdivision 16 of section 1425 of the Penal Law, and reads as follows:
“ Any person, who * * *
‘ ‘ d. Shall publicly mutilate, deface, defile, or defy, tr-ample upon, or cast contempt upon either by words or act, or * * *
‘ ‘ f. Shall publicly carry or display any emblem, placard, or flag which casts contempt, either by word or act, upon the flag of the United States of America, or * * *
“ Shall be guilty of a misdemeanor.
“ The words flag, standard, color, shield or ensign, as used in this section, shall include any flag, standard, color, shield or ensign, or any picture or representation, of either thereof, made of any substance, or represented on any substance, and of any size, evidently purporting to be, either of, said flag, standard, color, shield or ensign, of the United States of America, or of the state of New York, or a picture or a representation, of either thereof, upon which shall be shown the colors, the stars, and the stripes, in any number of either thereof, or by which the person seeing the same, without deliberation may believe the same to represent the flag, colors, standard, shield or ensign of the United States of America or of the state of New York.
“ This section shall not apply to any act expressly permitted by the statutes of the United States of America, or by the United States army and navy regulations, nor shall it be construed to apply to a certificate, diploma, warrant, or commission of 'appointment to office, ornamental picture, article of jewelry, stationery for use in private correspondence, or newspaper or periodical, on any of which shall be printed, painted or placed, said flag, standard, color, shield or ensign disconnected and apart from any advertisement ”.
The issue dated April 25, 1969 of the Reporter, a periodical published by students of the Rochester Institute of Technology, contained several posed photographs depicting a female — apparently otherwise unclad— clothed in a representation of the flag — or the flag — of the United States and a pair of boots, in various poses with a man apparently representing a soldier.
Defendants have each demurred to the indictment pursuant to subdivisions 4 and 5 of section 323 of the Code of Criminal Procedure; they allege that the facts stated in the indictment do not constitute a crime, and that the indictment contains matter which, if true, would constitute a legal justification for the acts charged, or other legal bar to the prosecution.
In People v. Street (20 N Y 2d 231) the defendant burned, an American flag in public as a “ protest ’ ’, and at the same time *764 spoke certain words. The Court of Appeals unanimously affirmed defendant’s conviction, and in the course of its opinion stated (p. 235): “ It is the teaching of the cases that the constitutional guarantee of free speech covers the substance rather than the form of communication and that the right to employ a particular mode of expression will be vindicated only if it has been outlawed, not because of any legitimate State interest, but solely for the purpose of censoring the underlying idea or thought. [Citing cases]. * * * (p. 237) We need not at this time concern ourselves with a display of the flag in a manner which does not clearly manifest an intention to desecrate it. (Compare State v. Kent, Hawaii 1st Cir. Ct., No. 36423, decided Dec. 9, 1966, with People v. Radich, 53 Misc 2d 717, and United States Flag Foundation v. Radich, 53 Misc 2d 597.) In the case before us, the defendant concededly burned the flag in public, not for the purpose of destroying it ‘ in a dignified way ’ (U. S. Code, tit. 36, § 176, subd. [j]) but rather to express his indignation and sense of outrage. It was an act of incitement, literally and figuratively ‘ incendiary ’ and as fraught with danger to the public peace as if he had stood on the street corner shouting epithets at passing pedestrians. (See Chaplinsky v. New Hampshire, 315 U. S. 568.) The State may legitimately curb such activities in the interest of preventing violence and maintaining public order. [Citing cases] ”.
The Supreme Court of the United States reversed defendant’s conviction (Street v. New York, 394 U. S. 576, 594), holding that “ since appellant [Street] could not constitutionally be punished under § 1425, subd. 16, par. d, for his speech, and since we have found that he may have been so punished, his conviction cannot be permitted to stand. In so holding we reiterate that we have no occasion to pass upon the validity of this conviction msofar as it was sustained by the state courts on the basis that Street could be punished for his burning of the flag, even though the burning was an act of protest ”.
The highest court in New York State, found that Street’s act in burning the flag constituted a violation of law, and that his conviction therefor was constitutional and proper. The Supreme Court expressly refused to pass upon the validity of this conviction insofar as it was based upon the burning of the flag. It seems therefore, that the conviction of a defendant, based upon his burning of the flag, is not unconstitutional, and has not been declared so to be, and that an allegation of the commission of an act in violation of subdivisions d and f of section 136 of the General Business Law validly alleges the commission of a crime.
*765 In People v. Radich (53 Misc 2d 717, affd. 57 Misc 2d 1082, supra), defendant was prosecuted under section 1425 of the Penal Law (now section 136 of the General Business Law). Defendant, an art dealer, publicly exhibited objects called “ constructions ”, in which the American flag was used for wrapping, stuffing or otherwise as a part of the objects. After a trial in which defendant was found guilty, he moved to dismiss the complaint on the ground that the facts as established did not constitute a violation of the statute and further that, in any case, the statute was unconstitutional for denial to the defendant oí free speech, equal protection laws, and, because of vagueness, due process of law. The court said (p. 719): “ We hold thai these so-called ‘ constructions ’ constitute a contempuous use oí the flag of the United States and that the defendant by exhibiting them to the public cast contempt upon it in violation oí paragraph d of the statute under which this proceeding was instituted. It will not do for the defendant to say that paragraph d by itself does not contain an object. Subdivision 16 must be read as a whole, and it is clear that the intended object is contained in the next paragraph, lettered ‘ e ’, in the words ' any such flag, standard, color, shield or ensign ’ ’ ’.
The statute was held to be constitutional, the court saying (p. 720): “ Obviously this case raises constitutional questions of fundamental importance. As a trial court, we must especially recognize the presumption supporting the validity of duly enacted legislation. The People having no right of appeal from an acquittal, we should not strike down this statute in the absence of a clear and overwhelming showing that it violates one or another of the guarantees set forth in the Bill of Rights. We fail to find such a decisive showing of unconstitutionality”. (See Matter of Van Berkel v. Power, 16 N Y 2d 37, 40; People v. Pagnotta, 25 N Y 2d 333.)
“ Holding, as we do, that the act of the defendant in publicly exhibiting these so-called ‘ constructions ’ cast contempt upon the flag of the United States and that no exception in the statute here involved exempted it and, further, that the statute as here applied does not clearly violate any constitutional provision, we find him guilty of the charge against him as set forth in paragraph d of subdivision 16 of section 1425 of the Penal Law of the State of New York ” (p. 721).
The holding in People v. Radich (supra) is based upon a factual situation similar to the case at bar; this court is convinced after reading not only cases cited by the defendants herein but other cases on the same question, that the indictment *766 herein is sufficient, states the violation of a valid statute, and that the facts stated constitute a crime.
The demurrer is disallowed. Defendants are to plead to the indictment on December 17, 1969, at 9:30 a.m. in the forenoon of that day or soon thereafter as counsel can be heard.