Gilbert M. Landy, J.
The defendant is charged with knowingly, willfully and unlawfully violating section 136 of the General Business Law in that on the 21st day of April, 1970 at about 6:00 p.m. at 5 Hudson Street, Yonkers, New York, “he placed a figure, mark and design upon a flag, standard, color, shield and ensign of the United States of America, and then *478 exposed the said flag, standard, color, shield and ensign to the public view and publicly cast contempt upon the flag of the United States by said act ”.
The evidence presented on the trial of the case was that the defendant resided in Boom 108 of the Windham Hotel at Biverdale Avenue and Hudson Street, in Yonkers, New York; that on April 21,1970, a Yonkers police officer saw an American flag projecting outside the window of Boom 108, facing Biverdale Avenue, on the east side of the building. The flag was readily visible by passersby on the street. It was almost entirely covered by red-brownish paint. The police officer removed it from the window and at that time, the paint was still fresh and the paint soiled the officer’s hands. The flag was presented into evidence by the People.
In addition, there is evidence that early in the morning of April 21, 1970, a hotel employee also saw the flag, painted as described by the police officer, hanging from the window of Boom 108. At about 6:30 p.m. on the same day, she met the defendant in the hotel lobby and asked him what had happened to the flag. He told her that he had painted it and that what he had done was none of her business.
It is not alleged in the information that the defendant defiled or defaced the American flag, by use of words, as distinguished from his physical acts specified above. Accordingly, that part of the decision by the United States Supreme Court in Street v. New York (394 U. S. 576) is not applicable to the case herein. In Street, the defendant was charged with and was convicted in the New York courts of the deliberate act of burning an American flag in public as a “ protest ”, following the sniper’s shooting of James Meredith, while the latter was participating in a civil rights demonstration. At the time of the burning of the flag, the defendant stated (p. 579) “ if they let that happen to Meredith we don’t need an American flag ”.
The New York Court of Appeals affirmed the conviction (20 N Y 2d 231). However, the Supreme Court reversed the judgment of the Court of Appeals arid held (p. 590) that a State may not ‘ ‘ constitutionally inflict criminal punishment upon one who ventures ‘ publicly [to] defy * * * or cast contempt upon [any American flag] by words ’ ”.
The court did not specifically proscribe the possible conviction of a defendant who by his acts, defiles, mutilates or defaces an American flag.
Subsequently, the New York Court of Appeals (24 N Y 2d 1026), in compliance with the decision of the United States Supreme Court, reversed the judgment of the lower New York *479 Courts and ordered a new trial. The court specifically stated that a person could he convicted if he publicly mutilated, defaced or defiled an American flag by act (p. 1028).
In People v. Radich (26 N Y 2d 114) the defendant was convicted of desecrating the American flag by acts alone. No words were employed by the defendant in the defilement of the flag. The Court of Appeals affirmed the judgment of the lower courts and restated the principle enunciated by Chief Judge Ftjld’s opinion (p. 34) in the Street case that while “1 nonverbal expression ’ may be ‘ a form of speech ’ within the meaning and protection of the First and Fourteenth Amendments * * * ‘ the same kind of freedom [is not afforded] to those who would communicate ideas by conduct * * * as these amendments afford to those who communicate ideas by pure speech ’ In this connection, the Court of Appeals held in the Radieh case, that section 136 of the General Business Law was designed to prevent the outbreak of violence by discouraging contemptuous and insulting treatment of the flag in public.
In Hoffman v. United States (256 A. 2d 567 [Ct. of App., D. C.]) the defendant was convicted of violating a statute which proscribed the defilement of the American flag. He was wearing a shirt which resembled the American flag.
In People v. Keough (61 Misc 2d 762) the defendants were charged with violating subdivisions d and f of section 136 of the General Business Law in that they had printed and had distributed a publication containing photographs which defiled and cast contempt upon the flag of the United States as well as publicly displaying the emblem and flag in such a way as to east contempt on the American flag.
The defendants demurred to the charges made in the indictment against them. They contended that the facts alleged in the indictment did not constitute a crime. The court, citing People v. Street (supra) and People v. Radich (supra), among other cases, rejected the contention of the defendants and held that the indictment filed against the defendants was sufficient, that it stated the violation of a valid statute, and that the facts stated constituted a crime (pp. 765, 766).
On the facts presented by the People on the trial of this case, and on the law, the court holds that the People have proved beyond a reasonable doubt that the defendant is guilty of the crime charged. He is directed to appear before this court on June 4, 1970 at Special Sessions, Part IV, Traffic Court, 70 Ashburton Avenue, Yonkers, New York, for sentencing.