Gibson, J.
The indictment charged that the photographs in issue defied and cast contempt upon the flag of the United States, in violation of section 136 (subds. d and f) of the General Business Law. The County Court, in an opinion (61 Misc 2d 762, 765), disallowed a demurrer to the indictment upon finding the “ factual situation ” similar to that in People v. Radich (53 Misc. 2d 717, affd. 57 Misc 2d 1082*), which had not then been decided in the Court of Appeals. The Appellate Division affirmed, finding that, “ [a] s in Radich ’ ’, the legitimate public interest in preventing a breach of the peace and an outbreak of violence was threatened (38 A D 2d 293, 295). Clearly, however, there is nothing in the photographs, which concededly constituted the sole basis for *284 the indictment before us, comparable in any substantial degree to the “ constructions ” in Radich (26 N Y 2d 114, 117, n. 1) and nothing, certainly, offering the “ likelihood of incitement to disorder ” and by public exhibition affording an opportunity for protest and counterprotest with ‘ ‘ consequent potential of public disorder ”, such as was found in Radich (p. 119). It follows, of course, that we reach no constitutional or other issue.
The orders of the Appellate Division should be reversed, the judgments of conviction vacated and the indictment dismissed.
Chief Judge Ftjld and Judges Bubke, Bebgan, Bbeitel and Jasen concur with Judge Gibson ; Judge Scileppi dissents and votes to affirm on the opinion at the Appellate Division.
Orders reversed, etc.

Affd. 26 N Y 2d 114, affd. 401 U. S. 531, rehg. den. 402 U. S. 989,